1
2
3
4
5
6

UNITED STATES  DISTRICT COURT

Northern District of California

7   DENISE SCHMIDT,

8                              Plaintiff,                    No. C 05-197 VRW (MEJ)

9         v.                                          **ORDER RE JOINT DISCOVERY**
                                                      **DISPUTE LETTER (DKT. #93)**
10  CONTRA COSTA COUNTY, KEN TORRE,
    THOMAS MADDOCK, LAUREL BRADY,
11  LOIS HAIGHT, and BARRY BASKIN,

12                              Defendants.
    _____/

13                          **I.  INTRODUCTION**

14        Before the Court is the joint discovery dispute letter ("Joint Letter") filed by Plaintiff Denise

15  Schmidt ("Plaintiff") and individual Defendants Ken Torre, Thomas Maddock, Laurel Brady, Lois

16  Haight, and Barry Baskin (collectively, "Defendants")  on June 4, 2010.  (Dkt. #93.)  The dispute

17  concerns Defendants' Request for Production No. 20, which seeks any documents related to

18  Plaintiff's claim that she suffered emotional distress as a result of actions taken by Defendants, and a

19  release for medical records.  (Joint Letter, Ex. B.)  In her First Amended Complaint ("FAC"),

20  Plaintiff alleges that Defendants' actions caused her injury "in the form of emotional distress."

21  (FAC ¶ 18, Dkt. #14.)  Defendants seek "all documents that refer to or reflect any psychiatric or

22  psychological treatment or counseling [Plaintiff has] received since January 2003."  *Id.*  Plaintiff has

23  produced no such documents.

24                          **II.  DISCUSSION**

25        In the Joint Letter, Defendants argue that Plaintiff's emotional distress claim entitles them to

26  documents concerning the alleged emotional distress as such documents may evidence Plaintiff's

27  symptoms, their frequency, the magnitude, and causation.  (Joint Letter at 2.)  Defendants contend

28  that they are entitled to documents prepared by Plaintiff, her physicians, and her physical therapists.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

*Id.* at 3.

Prior to submitting this discovery dispute to the undersigned, the parties also briefed the matter before Judge Walker. (Dkt. ## 89, 90.) In Plaintiff's letter brief, her counsel states that "[b]ecause there are no claims for medical special damages in the case, and because plaintiff's claim of emotional distress will not be evidenced by medical testimony or medical treatment records but rather as a matter of general damages, there is no basis for invading the privacy of plaintiff's medical information." (Dkt. #90.) Additionally, in the Joint Letter, Plaintiff contends that she is "not required to sacrifice her medical privacy for discovery that does not bear on any issue in the case[,]" ostensibly claiming privilege based on privacy.[1] (Joint Letter at 5.)

The right to privacy is "waived when a plaintiff raises before the court issues concerning her mental and emotional condition and seeks damages for mental and emotional injuries." *Enwere v. Terman Associates, L.P.*, 2008 WL 5146617, at *2 (N.D. Cal. 2008). However, that waiver "is limited to the private information that is relevant to the lawsuit." *Id.* In *Enwere*, the plaintiff sought $100,000.00 in mental and emotional distress damages, which she claimed were caused by the defendant's acts. *Id.* at *3. The court found that by alleging serious distress, such as "emotional trauma, humiliation, embarrassments and physical injuries as a result of the emotional trauma, including inability to sleep, depression and associated mental health injuries requiring continuing medical treatment[,]" and by seeking damages for same, that the plaintiff had waived any privacy right with respect to her medical documents that were relevant to the lawsuit. *Id.* at 3. Similarly,

---

[1]Plaintiff also argues that, in his referral of the instant dispute to the undersigned, the Honorable Judge Vaughn R. Walker, the presiding judge in this matter, denied the motion as to medical discovery issues. In his order, Judge Walker stated that "[t]he court lacks sufficient information to determine at this time whether plaintiff has preserved a privilege claim over such communications. Nevertheless, defendants' request no 20 seeks more than medical records — defendants seek all documents to support a claim of emotional distress "including but not limited to" medical records. Doc #89. Plaintiff has not produced any documents in response to the request. *See* Doc #89 at 1; Doc #90. Accordingly, defendants are GRANTED leave to file a motion to compel production in response to request no 20." (Dkt. #91.) Plaintiff contends that the sentence beginning with "Nevertheless" indicates Judge Walker's denial of Defendants' motion as to medical discovery. Plaintiff's contention is wholly without merit and is based on a skewed reading of Judge Walker's order.

UNITED STATES DISTRICT COURT
For the Northern District of California

though in relation to waiver of the psychotherapist-patient privilege rather than the right to privacy, in *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 400 (E.D. Cal. 2009), the court found that the plaintiff's claim for emotional distress damages were the crux of her claim, and thus that the defendant was entitled to discovery to determine whether the emotional distress claimed by the plaintiff was a result of something other than the defendant's actions.

Upon careful review, the Court finds that Defendants are not entitled to production of documents responsive to their Request for Production No. 20. Although Plaintiff alleges emotional distress, she does not seek damages related to this claim; rather, she seeks general damages. (FAC ¶ 18, 11:5, Dkt. #14.) It appears that Plaintiff's allegation of emotional distress is not tied to any specific claim for damages, as discussed in her letter to Judge Walker. (Dkt. #90.) Thus, the instant case is distinguishable from the two discussed above. Unlike *Enwere*, Plaintiff here did not claim damages specifically as a result of the emotional distress she alleges to have suffered. And, unlike *California Psychiatric Transitions*, Plaintiff's emotional distress allegation is certainly not the crux of the claims alleged in her FAC. Plaintiff's emotional distress claim is one paragraph in her FAC, and by her own admission, she is not seeking damages in relation to emotional distress. Rather, she seeks general monetary damages. (Dkt. #90.)

### III. CONCLUSION

Based on the foregoing, Defendants' motion to compel documents responsive to Request for Production No. 20 is DENIED.

**IT IS SO ORDERED.**

Dated: June 22, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge